FILED
 2014 Sep-02  PM 03:49
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Martin Perrusquia, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. CV-14- BE-1542-S |
| | ) |
| El Poblano Mexican Restaurant, Inc. | )   Jury Trial Demanded |
| and Fidel Castro | ) |
| | ) |
| Defendants. | ) |

### Answer of Defendants with Jury Demand

Defendant, El Poblano Mexican Restaurant, Inc. and Fidel Castro, demanding trial by jury, answer the Complaint as follows:

### FIRST DEFENSE
### Admission and Denial

The allegations of the complaint are admitted and denied paragraph by paragraph as follows:

Unnumbered:   It is admitted that the action is filed under the Fair Labor Standards Act of 1938 and that the Plaintiff seeks unpaid wages, overtime, and liquidated damages, together with attorney's fees.   It is denied that the Plaintiff is entitled to any such relief.

### JURISDICTION & VENUE

1.     Jurisdiction is conferred upon this Court by 29 U.S.C. §2l6(b) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

RESPONSE:   Admit.

    2.      Venue in this Court is proper pursuant to 28U.S.C. §1391(b).

RESPONSE:   Admit.

    3.      Upon information and belief the defendant, El Poblano Mexican Restaurant, Inc., is an Alabama corporation which employed the plaintiff to labor for its benefit in this District. Upon information and belief the defendant, Fidel Castro, is a resident of Shelby County, Alabama, which employed the plaintiff to labor for his benefit in this District.

RESPONSE:   Admit first sentence.   Deny second sentence.

    4.      The cause of action set forth in this Complaint arose in this District.

RESPONSE:   Admit.

## PARTIES

**A.    Plaintiff**

    5.      The plaintiff, Martin Perrusquia, is over the age of nineteen (19), is a resident of the State of Alabama currently a resident of Jefferson County, Alabama, and is not currently employed by the defendants.

RESPONSE:   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of residency but admit the allegations of age and not employed by defendants.

    6.      During all times relevant to this Complaint, the plaintiff Martin Perrusquia was an employee of the defendants and was subject to the full protection of the Fair Labor Standards Act.

RESPONSE:   Admit plaintiff was once an employee of El Poblano Mexican Restaurant, Inc. and deny the remainder.

**B.     Defendants**

7.      The defendants, El Poblano Mexican Restaurant, Inc. and Fidel Castro, conduct their business in Shelby County, Alabama.

RESPONSE:   Admit El Poblano Mexican Restaurant, Inc. conducts business in Shelby County and deny the remainder.

8.      The defendants, El Poblano Mexican Restaurant, Inc. and Fidel Castro, are engaged in operating a restaurant.

RESPONSE:   Admit El Poblano Mexican Restaurant, Inc. is engaged in operating a restaurant and deny the remainder.

9.      The defendants, El Poblano Mexican Restaurant, Inc. and Fidel Castro, are an enterprise engaged in interstate commerce for the purposes of the Fair Labor Standards Act with gross sales in excess of $500,000.00.

RESPONSE:   Admit El Poblano Mexican Restaurant, Inc. is an enterprise engaged in interstate commerce and deny the remainder.

10.     The defendants, El Poblano Mexican Restaurant, Inc. and Fidel Castro, are considered an employer within the meaning of the Fair Labor Standards Act, 42 U.S.C. §203(d), and is not exempt under the Act.

RESPONSE:   Admit El Poblano Mexican Restaurant, Inc. is an employer and is not exempt under the Act and deny the remainder.

11.     The defendant Fidel Castro is an owner/operator of El Poblano Mexican Restaurant, Inc., and supervised the plaintiff during his course of employment with the defendants. Fidel Castro established the payroll policies of El Poblano Mexican Restaurant, Inc. with respect to the plaintiff.

RESPONSE: Admit Castro is an owner of the corporation El Poblano Mexican Restaurant, Inc., supervised plaintiff, and set payroll policies. Deny the remainder.

12. The defendants are individually and jointly subject to the jurisdiction of the Fair Labor Standards Act.

RESPONSE: Deny. The Act has no such "jurisdiction."

13. The defendants are so closely associated and managed that they can be considered joint employers. The plaintiff was, as a matter of economic reality, dependent on each of the defendants for their work and wages -- each defendant determined the hours worked and wages received by the plaintiff, and any of the defendants could have terminated the plaintiff's employment.

RESPONSE: Deny.

## FACTUAL ALLEGATIONS

14. The plaintiff, Martin Perrusquia, is an adult resident of the State of Alabama, residing in Jefferson County. The plaintiff Martin Perrusquia, was employed by the defendants beginning on or around May of 2013 and left on or around June 2014. The plaintiff would note that his dates of employment are approximations, and he will be relying upon the discovery process to determine his exact dates of employment.

RESPONSE: Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations of residency. The allegations concerning dates of employment are denied.

15. The plaintiff Martin Perrusquia, was an employee who was engaged in interstate commerce, engaged in the production of goods for commerce and/or employed in an enterprise engaged in commerce or in the production of goods for commerce.

RESPONSE: Admit.

16.     The plaintiff was not paid the federal minimum wage for certain hours worked for the defendants, as required by 29 U.S.C. §206.

RESPONSE:   Denied.

17.     The plaintiff was regularly directed and required to work more than 40 hours per week for the benefit of the defendant.

RESPONSE:   Admit.

18.     Despite regularly working more than 40 hours per week, the plaintiff was not paid at the premium overtime rate for overtime work as required by 29 U.S.C. §207(a).

RESPONSE:   Denied.

19.     The duties performed by the plaintiff would not have caused them to be exempt from the protections of the Fair Labor Standards Act. Martin Perrusquia worked as a cook.

RESPONSE:   Denied. Plaintiff was a dishwasher.

20.     The violations were not of the nature that the defendants can be found to have acted in good faith in paying the plaintiff. The defendants did not pay the plaintiff sufficient wages for the vast majority of his employment. Rather, the plaintiff was forced to work for less than the minimum wage. Furthermore, the plaintiff was forced to work for less than the minimum overtime wage rate, for every hour over 40 per week.

RESPONSE:   Denied

21.     Upon information and belief, as around May 2013, the earliest date from which the plaintiff can claim damages in this action, the defendants were aware of the minimum wage and overtime provisions of the Fair Labor Standards Act. However, the defendants willfully and intentionally chose not to pay sufficient wages to the plaintiff in conscious disregard of the requirements of the FLSA. Further evidence of the defendants' willful and intentional choice not to

pay sufficient wages to the plaintiff in conscious disregard of the requirements of the FLSA, lies in the fact that the defendants paid the plaintiff a wage (albeit an insufficient wage that is less than the current minimum wage). The defendants constructed a payment scheme with the outward trappings of compliance with, but designed to circumvent the protections of the Fair Labor Standards Act.

RESPONSE:   Admit Defendants knew of the existence of the Act, but not all of its provisions. The remaining allegations are denied.

22.   Fidel Castro was involved in the operations and day-to-day management of the defendant El Poblano Mexican Restaurant, Inc., and set the payroll practices and procedures for said entity. Defendants have been in the restaurant industry for several years prior to 2012 and have experience in all facets of the business of running a restaurant. All named defendants were aware of their obligations under the Fair Labor Standards Act prior to May 2013.

RESPONSE:   Admit the first and second sentences. Deny the third sentence.

23.   Throughout the plaintiff's period of employment with the defendants, the defendants willfully violated the FLSA by failing to keep accurate records showing all the time they permitted or required the plaintiff to work, and failing to keep adequate records of the plaintiff's wages and withholdings.

RESPONSE:   Denied.

## COUNT ONE
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

24.   The plaintiff, Martin Perrusquia, re-alleges paragraphs 1 through 23 as though fully set forth herein.

RESPONSE:   Denied.

25. The defendants, El Poblano Mexican Restaurant, Inc. and Fidel Castro, have willfully failed to compensate the plaintiff for hours worked during the period of their employment.

RESPONSE: Denied.

26. The plaintiff was not exempt from the protections of the Fair Labor Standards Act.

RESPONSE: Denied.

27. The defendants, El Poblano Mexican Restaurant, Inc. and Fidel Castro, by such failure, have willfully violated the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206.

RESPONSE: Denied.

## COUNT TWO
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

28. The plaintiff, Martin Perrusquia, re-alleges paragraphs 1 through 27 as though fully set forth herein.

RESPONSE: Denied.

29. The defendants. El Poblano Mexican Restaurant, Inc. and Fidel Castro, have willfully failed to compensate the plaintiff for hours worked during the period of their employment.

RESPONSE: Denied.

30. The plaintiff was not exempt from the protections of the Fair Labor Standards Act.

RESPONSE: Denied.

31.     The defendants, El Poblano Mexican Restaurant, Inc. and Fidel Castro, by such failure, have willfully violated the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206.

RESPONSE:   Denied.

## SECOND DEFENSE
### Not Guilty

Not guilty of the matters and things alleged in the Complaint.   Strict proof is demanded.

WHEREFORE, the Defendant requests the Court to enter judgment in favor of the Defendant and against the Plaintiff with the Plaintiff taking nothing.


/s/Lewis W. Page, Jr.
LEWIS W. PAGE, JR.
Attorney for Defendants El Poblano Mexican
Restaurant, Inc. and Fidel Castro

Page Law Firm, LLC
Freedom Center
1933 Richard Arrington, Jr. Blvd. South, Suite 100
Birmingham, AL 35209-1262
205-939-3900
205-939-1300 (Facsimile)
lewis.page@pagelaw.net

CM/ECF CERTIFICATE OF SERVICE

      I hereby certify that on September 2, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:

E. Nathan Harris, Esq.
Barber Harris, LLC
1560 Montgomery Highway, Suite 207
Birmingham, AL 35216

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: None.

                                        */s/Lewis W. Page, Jr.*
                                        Of Counsel