FILED
2014 Oct-20 PM 04:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
### for the
### NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| Martin Perrusquia, )<br>)<br>       Plaintiff(s)     )<br>)<br>v.                                   )<br>)<br>El Poblano Mexican Restaurant, Inc.  )<br>and Fidel Castro,                   )<br>)<br>       Defendant(s)   ) | Civil Action No. CV-14-BE-1542-S |

## REPORT OF PARTIES' PLANNING MEETING

1.  ***Appearances.*** Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.1(d), a meeting of the parties' representatives was conducted in person on October 17, 2014:

    a.  Appearing on behalf of the plaintiff: Nathan Harris, Birmingham, Alabama.

    b.  Appearing on behalf of the defendant: Lewis W. Page, Esq. Page Law Firm, Birmingham, Alabama

2.  ***Pre-Discovery Disclosures.*** The parties will exchange by October 31, 2014, the information required by Fed. R. Civ. P. 26(a)(1).

3.  ***Synopsis of case:***

**Plaintiff's Position**: The defendant failed to pay the plaintiff in accordance with the Fair Labor Standards Act ("FLSA"), specifically by improperly paying the plaintiff a salary which was not designed to (and did not) compensate him at the minimum rate of pay required by 29 U.S.C. § 206. The plaintiff was also required to work more than forty (40) hours per week but did not receive any overtime payments in accordance with 29 U.S.C. § 207. Further, the defendant's failure to pay the plaintiff in accordance with the FLSA was willful and without good faith. The plaintiff incorporates by reference the allegations made in his complaint.

**Defendant's Position**: Plaintiff was paid properly and in accordance with the Fair Labor Standards Act. Individual defendant Fidel Castro is not personally liable for any FLSA violation. Any violation was not willful or intentional.

4.  ***Discovery Plan.*** The parties jointly propose to the Court the following discovery plan:

    a.  Discovery will be needed on the following subjects: The claims of the plaintiff and defendant's defenses; records of each party; hours worked, and money paid.

    b.  All discovery will be commenced in time to be completed by May 31, 2015.

    c.  A maximum of twenty-five (25) interrogatories and twenty-five (25) requests for production by each party to any other party. Responses will be due thirty (30) days after service.

    d.  A maximum of twenty-five (25) requests for admissions may be served by each party. Responses will be due thirty (30) days after service.

    e.  A maximum of five (5) depositions may be taken by each party, including any experts.

    f.  Each deposition limited to maximum of seven (7) hours unless extended by agreement of parties.

    g.  Reports from retained experts under Rule 26(a)(2) are due from the plaintiff on or before March 1, 2015, and from the defendant on or before April 1, 2015.

    h.  Supplementation under 26(e) will be due within thirty (30) days after counsel learns of the need to supplement.

    i.  Should a party wish to issue a subpoena to a non-party, the parties agree that fourteen (14) days prior notice shall be given to the opposing party for an opportunity to object to the subpoena pursuant to Fed. R. Civ. P. Rule 45.

5.  ***Other Items.***

    a.  The parties do not request a conference with the Court before entry of the scheduling order.

    b.  The parties request a pretrial conference thirty (30) days before trial.

    c.  Amendment of the Pleadings and Addition of Parties:

        (1) December 31, 2014, for the plaintiff to join additional parties or amend the Complaint.

        (2) January 15, 2015, for the defendant to join additional parties or amend the Answer.

    d.    All potentially dispositive motions should be filed by July 15, 2015.

    e.    The parties are currently engaged in settlement discussions at this pre-discovery stage. The parties agree that mediation at this time is not likely to be of significant benefit to the resolution of this matter, but the parties may wish to mediate later.

    f.    Final lists of witnesses and exhibits under Rule 26(a)(3) will be due from the plaintiff thirty (30) days before trial and from the defendant thirty (30) days before trial.

    g.    The parties will have fourteen (14) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    h.    The case should be ready for trial in August 2015, and at this time the parties estimate that the trial will take approximately two (2) days.

Respectfully submitted this 20th day of October, 2014.

Date: October 20, 2014

    /s/ E. Nathan Harris
E. Nathan Harris, LLC
Barber Harris
1560 Montgomery Highway, Suite 207
Birmingham, AL 35216
nharris@birminghamattorney.com
205-940-2233

Date: October 20, 2014

    / Lewis Page /
Lewis W. Page, Jr.
Page Law Firm, LLC
Freedom Center, Suite 100
1933 Richard Arrington Jr. Blvd. South
Birmingham, AL 35209
lewis.page@pagelaw.net
205-939-3900